UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Reconsideration filed by plaintiffs America Unites for Kids and Public Employees for Environmental Responsibility (collectively "Plaintiffs") (Docket No. 63). Plaintiffs seek reconsideration of a portion of the Court's June 15, 2015 minute order denying the Motion to Dismiss filed by defendants Sandra Lyon, Jan Maez, Laurie Lieberman, Jose Escarce, Craig Foster, Maria Leon-Vazquez, Richard Tahvildaran-Jesswein, Oscar de la Torre, and Ralph Mechur (collectively "Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 21, 2015, is vacated, and the matter taken off calendar.

Plaintiffs' operative First Amended Complaint ("FAC") alleges a claim against Defendants, who are administrators and members of the Board of Education of the Santa Monica-Malibu Unified School District (the "District"), pursuant to the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2601-2695d. According to the FAC, testing in 2009 and 2010 revealed elevated levels of polychlorinated biphenyls ("PCBs") in air and soil samples at Malibu Middle and High School ("MHS") and Juan Cabrillo Elementary School ("JCES"). Additional testing undertaken since then has revealed that caulk and other building materials used at MHS and JCES contain levels of PCBs in excess of standards adopted by the Environmental Protection Agency ("EPA"). The FAC alleges that although the District has, in consultation with the EPA, agreed to remove the PCB-containing materials from certain areas within the schools, Defendants have refused or been slow to test additional areas within MHS and JCES that are also likely to contain building materials with levels of PCBs in excess of those allowed by the EPA.

Pursuant to the TSCA, beginning in 1978, "no person may . . . use any polychlorinated biphenyl in any manner other than in a totally enclosed manner." 15 U.S.C. § 2605(e)(2)(A). The TSCA also authorizes the EPA Administrator to promulgate rules authorizing the use of PCBs "other than in a totally enclosed manner . . . if the Administrator finds that such . . . use . . . will not present an unreasonable risk of injury to health or the environment." 15 U.S.C. § 2605(e)(2)(B). The EPA has concluded that items "with PCB at concentrations of 50 ppm or greater present an unreasonable risk of injury to health within the United States." 40 C.F.R. § 761.20. As a result, "[n]o persons may use any PCB, or any PCB item regardless of concentration, in any manner other than in a totally enclosed manner . . . ." 40 C.F.R. § 761.20(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

      Defendants do not dispute that caulk containing PCBs is not use of PCBs in "a totally enclosed manner." Moreover, Defendants appear to acknowledge that the TSCA requires the removal of PCB-containing building materials when testing indicates that those materials contain PCBs in excess of 50 ppm. Specifically, Defendants have committed to removing the PCB-containing caulk in the specific locations identified in their testing because that caulk contains concentrations of PCBs in excess of 50 ppm.

      However, according to Defendants, and consistent with the EPA's nationwide "PCBs in Schools" policy, EPA has authorized the District to allow PCB-containing materials to remain at the school so long as air and surface wipe testing does not reveal heightened levels of PCBs. For instance, in August 2014, EPA informed the District that "EPA does not recommend additional testing of caulk unless dust or air samples persistently fail to meet EPA's health-based guidelines." (Defendant's Request for Judicial Notice, Ex. C.) Additionally, in October 2014, EPA approved certain provisions of the District's "Site-Specific PCB-Related Building Materials Management, Characterization and Remediation Plan for the Library and Building E Rooms 1, 5, and 8 at Malibu High School." (Request for Judicial Notice, Ex. D.) Among other approvals, EPA approved:

- Best Management Practices (BMPs), including proper maintenance of the ventilation system at the schools, increased cleaning of the classrooms to reduce dust and residue buildup, and use of cleaning equipment that does not cause dust to become airborne. . . .

- Periodic air and surface wipe samples shall be collected to monitor the efficacy of the above remediation and BMP measures until major renovation or demolition occurs that results in removal of PCB-contaminated material. The District shall undertake monitoring, as identified in the Application, through July 1, 2015. Based upon data collected during this initial monitoring period, the District will propose for EPA approval a supplement to the Application to include a new monitoring plan for the period after July 1, 2015. The plan shall include an evaluation of monitoring data collected to date and a description of how the monitoring plan will continue to ensure the effectiveness of the remediation and BMP measures as evaluated against the levels identified in the following bullet. . . .

- All air samples gathered by the District shall be evaluated against the applicable EPA public health levels of PCBs in air . . . (those levels range from 70 to 600 ng/m$^3$ based on the age of the children and the duration of exposure), and all surface wipe samples shall be evaluated against the district's proposed goal of 1 ug/100cm$^2$. These air and surface wipe concentrations are health-based screening levels that, pursuant to this approval, will be used to evaluate the effectiveness of the remediation and BMP measures at ensuring that PCBs remain at levels protective of human

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

> health. If any samples exceed these levels, within thirty (30) days of
> receipt of the laboratory results, the District shall conduct an evaluation of
> the exceedances. . . .

(Id.)

In their Motion to Dismiss, Defendants asserted, among other arguments, that the FAC should be dismissed, or, in the alternative, that the action be stayed because the EPA has primary jurisdiction over the testing requirements and removal of PCBs in schools. The primary jurisdiction doctrine "is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are 'within the special competence of an administrative body.'" Farley Transp. Co. v. Santa Fe Trail Transp. Co., 778 F.2d 1365, 1370 (9th Cir. 1985) (quoting United States v. W. Pac. R.R., 352 U.S. 59, 64, 77 S. Ct. 161, 165, 1 L. Ed. 2d 126 (1956)). When the primary jurisdiction doctrine applies, "the judicial process should be suspended and the issues referred to the appropriate administrative body for its views." Id. "No fixed formula . . . exists for applying the doctrine, and each case must be examined on its own facts to determine if 'the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation.'" Id. (quoting W. Pac. R.R., 352 U.S. at 64, 77 S. Ct. at 165).

Plaintiffs opposed the Motion to Dismiss by arguing that the primary jurisdiction doctrine is inapplicable where, as here, the statutory scheme includes a citizen suit provision. See 15 U.S.C. § 2619; see also N.Y. Cmtys. for Change v. N.Y. City Dept. of Educ., No. 11CV3494 (SJ)(CLP), 2013 WL 1232244, at *6 (E.D.N.Y. Mar. 26, 2013); Ass'n of Irritated Residents v. Fred Schakel Dairy, No. 1:05-CV-00707 OWW SMS, 2008 WL 850136, at *12 (E.D. Cal. Mar. 28, 2008) ("Like the majority of these courts, I find that applying the doctrine of primary jurisdiction to citizen suits would frustrate Congress's intent, as evidenced by its provisions for citizen suits, to facilitate broad enforcement of environmental-protections laws and regulations.'") (quoting Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc., 173 F.R.D. 275, 284 (D. Colo. 1997)).

In denying the Motion to Dismiss, the Court concluded that Defendants had overstated the degree to which the relief Plaintiffs seek conflicts with EPA's expertise and considered judgment. Specifically, at a minimum, air and surface wipe sampling at the subject schools is not inconsistent with the EPA's analysis, policies, or considered judgment and that the FAC alleged sufficient facts to satisfy the Twombly plausibility standard that there are locations within the subject schools that have not been subject to air and surface wipe sampling that may exceed the EPA's thresholds for PCBs and trigger the need for BMPs, thorough cleanings, and potential further testing, including of caulk, within such locations. The Minute Order denying the Motion to Dismiss explained:

> Such air and surface wipe testing would be consistent with the EPA's
> regulatory authority and the prior approvals it has issued to the District. If
> those tests revealed circumstances requiring additional testing or other
> measures consistent with the EPA's approvals, those additional measures
> would also not interfere with the EPA's expertise or primary jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

> There is only a possibility of interference with the EPA's primary jurisdiction if the Court were to allow testing in excess of that deemed prudent by the EPA. At least at this stage of the proceedings, the Court can eliminate the possibility of such interference by limiting the testing that Plaintiffs are allowed to undertake through the discovery process to the air and surface wipe testing that the EPA has determined is sufficient to measure "health-based screening levels that, pursuant to [the EPA's October 2014] approval, will be used to evaluate the effectiveness of the remediation and BMP measures at ensuring that PCBs remain at levels protective of human health." By phasing discovery in this way, and only allowing the testing of caulk or other more invasive discovery should the initial air and surface wipe testing establish its necessity, the Court can balance the EPA's expertise in such matters against Plaintiffs' rights to pursue a TSCA claim as contemplated by the TSCA's citizen suit provisions. The Court therefore will not dismiss this action based on the primary jurisdiction doctrine.

(June 15, 2015 Minute Order at 5.)

In their Motion for Reconsideration, Plaintiffs seek to have the Court vacate its limitation on initial discovery at the schools to air and surface wipe testing so that they may proceed immediately with the testing of caulk and other more invasive discovery without first obtaining results from air and surface wipe testing that exceed EPA health-based standards.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Under Local Rule 7-18, a motion to reconsider may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

Local Rule 7-18 also advises that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Although the TSCA prohibits the use of PCBs, EPA has determined, both generally with its "PCBs in Schools" policy, and with its approval of the District's "Site-Specific PCB-Related Building Materials Management, Characterization and Remediation Plan" that PCB-containing materials may remain at schools so long as air and surface wipe testing does not reveal heightened levels of PCBs. The EPA has far more expertise in this area than does the Court, and is in a much better position to balance the significant costs of requiring school districts throughout the country to test and remove PCB-containing caulk and other building materials against the potential health risks of leaving those products in place until school buildings undergo planned renovations or demolitions. To allow the testing of caulk without air and surface wipe testing first showing levels of PCBs in excess of the EPA's health-based screening levels would expose schools to extraordinarily costly, and what the EPA has deemed unnecessary, testing and remediation expenses.

Discovery limitations such as those adopted by the Court in this instance are authorized by the Federal Rules of Civil Procedure, which provides that a court, on motion "or on its own" must limit the frequency or extent of discovery:

> [I]f it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii). District Courts have "broad discretion" to "'permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (quoting Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996)).

The Court's phasing of discovery, and making the invasive testing of caulk dependent upon threshold evidence obtained from air and surface wipe testing, is within the Court's "broad discretion." Given the EPA's policies and expert determinations, allowing the testing of caulk in the absence of air and surface wipe testing results that exceed the EPA's health-based screening levels would outweigh the benefits of the testing, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2124 PA (AJWx) | Date | September 30, 2015 |
|---|---|---|---|
| Title | America Unites for Kids, et al. v. Sandra Lyon, et al. | | |

resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).[1] The Court committed no clear error in phasing and limiting discovery as it has. The Court therefore denies Plaintiffs' Motion for Reconsideration.

    IT IS SO ORDERED.

---

[1] Unless Congress acts prior to December 1, 2015, amendments to Federal Rule of Civil Procedure 26 will move Rule 26(b)(2)(C)(iii)'s limitation into Rule 26(b)(1). As a result, discovery that outweighs the benefits, considering the needs of the case, will be outside the scope of permissible discovery. The Court's balancing of the factors presented in this action would be the same under either version of Rule 26.